**W. P. QUARNSTROM, Administrator with Will Annexed of the Estate of Emma A. Murphy, Deceased, Appellant,**

v.

**Dr. Michael E. MURPHY, Respondent.**

No. 48948.

Supreme Court of Minnesota.

May 4, 1979.

Quarnstrom, Doering, Pederson, Leary & Murphy and W. P. Quarnstrom, Marshall, for appellant.

Olson, Nelson & Nagel, Leland A. Olson, and Thomas D. Nagel, Litchfield, for respondent.

Heard before PETERSON, KELLY and YETKA, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This action was instituted by the administrator of the estate of Emma A. Murphy in the district court of Lyon County for sums expended for her support and maintenance. The court granted defendant's motion for summary judgment and entered judgment in his favor, and plaintiff appealed. We affirm.

At the time of his death on April 27, 1963, Edward H. Murphy was the owner of real property in Meeker County, Minnesota. He died testate, leaving a will dated November 5, 1962.

A final decree of distribution was issued by the Probate Court for Meeker County for the estate of Edward H. Murphy on June 22, 1964. The title to his real property was vested in his son, Michael E. Murphy, in fee simple, " * * * under the conditions that he care for Emma A. Murphy, the widow of [Edward Murphy], during her natural life time."

On April 6, 1973, Michael conveyed his interest in said real property.

On April 10, 1973, the Probate Court for Meeker County, Minnesota, upon Michael's petition, issued an order appointing Wendell Nelson as special guardian for Emma's estate and authorized the special guardian to execute a deed to convey her right, title, interest, lien or charge in said real property. The order additionally provided that:

" * * * [T]he said Michael E. Murphy be and the same hereby is personally liable for any maintenance and support which may be required by the same Emma A. Murphy during her lifetime by virtue of the condition in the said Final Decree in the said Edward H. Murphy estate to the extent of Twenty-five Thousand Dollars ($25,000.00)."

There was no evidence that Emma or her guardian had notice or knowledge of the proceeding.

On April 17, 1973, Wendell Nelson, as special guardian, conveyed Emma's interest in said real property. As special guardian he received no part of the proceeds of said conveyance. At no time has Michael made any payments toward the care, maintenance or support of Emma from the income of said property or otherwise. At the time of the sale, Emma's estate was under the guardianship of Continental Bank and Trust Company, Salt Lake City, Utah.

Emma died on February 27, 1975, and the Probate Court for Meeker County appointed W. P. Quarnstrom as administrator with will annexed of her estate. The final accounting indicated that at her death $30,-962.50 remained in her guardianship estates.

The administrator instituted this action against Michael seeking $40,000, plus interest, costs and disbursements.

Plaintiff contends that the provisions of Edward Murphy's will are presently immaterial because they were interpreted and construed by the probate court in its Final Decree of Distribution dated June 22, 1964. While we are not convinced that this assertion correctly states the law, we need not express our opinion on this matter because we believe that under either the language of the will, the decree of distribution, or the probate order, the result will be the same.

It is well settled that a devise conditioned upon the payment of money to a third person creates an equitable charge rather than a trust. 1 Scott, Trusts, § 10. The third person thus acquires a security interest in the charged property. Where property is devised with such a charge, the devisee, depending on the intent of the testator, may also become personally liable to pay the amount of the charge. Id. § 10.1. *In re Oertle*, 34 Minn. 173, 24 N.W. 924 (1885); *Miller v. Klossner*, 135 Minn. 377, 160 N.W. 1025 (1917). In this case the condition accompanying the devise to defendant created a security interest in Emma and also personally obligated Michael. This personal liability was not affected by the later quitclaim of Emma's security interest. The condition as stated in the will and in the Decree of Distribution are almost identical. The will read as follows:

"FIFTH: I have made no provision for my wife, Emma A. Murphy, in this Will for the reason that she is in a hospital for treatment at the present time and I make the bequest to Dr. Michael E. Murphy under the conditions that he care for her for her life out of any inheritance he may acquire from my estate, but on her death his liability shall cease and any property remaining in his hands shall be his absolutely."

The Decree of Distribution expressed the condition thusly:

"To Dr. Michael E. Murphy, a mutually acknowledged son of said decedent, all of the above and foregoing described real property of the decedent, in fee simple, under the conditions that he care for Emma A. Murphy, the widow of said decedent, during her natural life time."

Personal liability may also have attached as a result of the probate court order of April 10, 1973. That order imposed liability in the following manner:

"Ordering that the said Michael E. Murphy be and the same hereby is personally liable for any maintenance and

support which may be required by the said Emma A. Murphy during her lifetime by virtue of the condition in the said Final Decree in the said Edward H. Murphy estate to the extent of Twenty-five Thousand Dollars ($25,000.00)."

While it is clear from the aforementioned that Michael had some obligation toward Emma during her life, the extent of that liability is the question that must be considered here. The difficulty in making this determination is created by the ambiguity of the language used in each instance.

Michael contends that his obligation was only triggered if Emma was unable to meet her financial responsibilities. Therefore, he reasons that because no demand was ever made upon him by her or her guardian, no liability attached. We agree. Although there is little case authority directly on point, we believe after a close examination of the documents in question that such an interpretation best fosters Edward Murphy's intended result.

Plaintiff urges us to construe the phrase " * * * any maintenance and support which may be required * * * ", used in the order of the probate court, to mean all expenses incurred for whatever purpose, irrespective of Emma's ability to satisfy them. Had the probate court intended to obligate defendant for all of Emma's maintenance and support as plaintiff suggests, it could have stated as much. Instead, Michael's obligation was limited to only so much maintenance and support as "may be required." This phraseology certainly seems in accord with the intent of Edward Murphy as expressed in his will.

It is undisputed that no request for payment was made to Michael by Emma or her guardian prior to her death. The record also indicates that there was sufficient money in her estate to more than cover any outstanding debts. Under these conditions we hold that Michael E. Murphy is not liable, either under the will or the order of the probate court to the administrator of the estate of Emma A. Murphy for any

expenses which she may have incurred during her life.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.